UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

M.D. BONNIE J. LEES and PERINATAL
INTENSIVE CARE SPECIALISTS,

                Plaintiff,        No. CV 04-1804-MO

v.                                    ORDER
                                             Re: Request for Clarification

ASANTE HEALTH SYSTEMS, et al.,

                Defendants.

**MOSMAN, J.,**

Once an action is determined to have complied with the due process standards in 42 U.S.C. § 11112(a), the HCQIA "sweeps within that immunity" the professional review activities "relating to" that immune professional review action. *Austin v. McNamara*, 979 F.2d 728, 737 (9th Cir. 1992). Participation in peer review activities, as opposed to participation in the "action" itself, does not entitle defendants to immunity unless the action to which such activities are related is itself immune. *See id.* In the summary judgment order, this court held that unlike the immune action taken on August 27, 2003, the Notice of Adverse Action issued to Dr. Lees on April 7, 2003 constituted an "action" for which defendants are not entitled to immunity because it did not comply with the requirements of 42 U.S.C. § 11112(a).

The court now clarifies that although Drs. Harker and Jett's participation in peer review activities preceded the April 7, 2003 action for which there is no immunity, their testimony to the MEC and Board also "related to" the later August 27, 2003 action that did comply with the statutory standards. *See Austin*, 979 F.2d at 737 ("It is the relation of these activities to the immune action, and not the time of their occurrence, that brings them within the immunity."). It

PAGE 1 - ORDER (Re: Request for Clarification)

would be incongruent with the purposes of the statute to deny witness participants immunity when, through no fault of their own, the professional review body's action fails to comply with the requirement that it be taken after a reasonable effort to obtain the facts. Therefore, the physician defendants are entitled to HCQIA immunity from damages for their participation in the peer review activities or investigation into Dr. Lees' application for reappointment of privileges.

With respect to defendant Asante Health Systems, the brush of HCQIA immunity does not sweep back so broadly. Asante's failure to conduct a reasonable effort to obtain the facts prior to its first "action" on April 7, 2003 is not immunized by a subsequent action that complies with 42 U.S.C. § 11112(a). Unlike the physician defendants who appeared as witnesses in the peer review procedure, defendant Asante exercised control over how the investigation was conducted, who testified, and what documents were reviewed; in other words, Asante controlled the reasonableness of the fact gathering. Therefore, defendant Asante is not entitled to HCQIA immunity for its conduct prior to April 7, 2003. On the other hand, Asante is entitled to HCQIA immunity for its conduct after April 7, 2003 because after that point, the subsequent actions were taken after a reasonable effort to obtain the facts.

To the extent that plaintiffs' Dr. Lees and PICS' claims for antitrust or conspiracy to commit antitrust allege conduct by defendants Asante, Harker or Jett for which there is no HCQIA immunity, those claims survive summary judgment. For example, the physician defendants' conduct that is wholly unrelated to the peer review is not immune under the HCQIA and may be pled in a claim for antitrust violation. Similarly, defendant Asante's conduct prior to April 7, 2003 is not immune under HCQIA and may also be included in the antitrust claims.

Dr. Lees and PICS' suit against physician defendants Harker and Jett alleges breach of

contract, breach of the covenant of good faith and fair dealing, breach of the covenant not to compete, and tortious interference with economic relations. To the extent these claims allege conduct unrelated to the physician defendants' participation in the professional review action, they are claims for which the physician defendants are not entitled to HCQIA immunity.

Finally, HCQIA immunity shields defendants from liability for damages and not equitable relief. *See* 42 U.S.C. § 11111(a)(1). The principal equitable relief sought by Dr. Lees asks Asante to withdraw a report filed with the National Practitioner Data Base ("NPDB") recording the denial of her clinical privileges. The filing of this report is subject to HCQIA immunity unless it is shown that defendants knowingly included false information in the NPDB report. 42 U.S.C. § 11137(c); *Brown v. Presbyterian Healthcare Services*, 101 F.3d 1324, 1334 (10th Cir. 1996). There has been no such showing of Asante's knowing inclusion of false information. Plaintiffs also seek injunctive relief in the form of barring defendants from engaging in monopolistic or anticompetitive conduct. Such a broad request for injunctive relief does not satisfy the requirement that claims for injunctive relief be specific and "describe in reasonable detail . . . the acts sought to be restrained." Fed. R. Civ. Proc. 65(d). As such, plaintiffs fail to present any viable claims for equitable relief that would survive regardless of the HCQIA immunity.

IT IS SO ORDERED.

Dated this  13th  day of    December   , 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

PAGE 3 - ORDER (Re: Request for Clarification)